Mr. Thompson. May it please the court. My name is Michael Thompson on behalf of defendant appellant Bernardino Ribota in this case. Mr. Ribota brings this appeal from a denial of his motion to dismiss an indictment against him on the basis of prosecutorial vindictiveness. I think really this case comes down to two important questions. First of all, whether there can ever be a presumption of vindictiveness in a pretrial setting. And second, whether this was the type of the case where that presumption would apply. Can I just say on a common sense level this doesn't seem like a great case for the theory even if it were a theory. If once he is retrieved from Colorado you know the AUSA is candid enough to say their Fourth Amendment problems with the underlying conviction and the fact that he's absconded for almost a decade is is a pretty obvious problem. So you know if you want probable cause or anything else for charges I'm having trouble finding anything sinister in this prosecution even though I understand your argument about the timing but nonetheless the underlying facts seem pretty straightforward. Certainly are the probable cause finding was straightforward. Mr. Rabota didn't even deny that he did commit the charged offense but... So why would you find vindictiveness when the U.S. attorney is voluntarily giving up the underlying charge? It could have gone ahead with both of them if they were trying to inflict you know a lot of prosecution. I've seen all kinds of curvilege cases litigated and some win and some lose so so you never know but it seems that the government's dealing in a straightforward way. Your Honor, I think if that were true then this second case the contempt of court case would have been brought before that curvilege issue was litigated before the government had to. What evidence truly is there of hostility or vindictiveness at all here aside from the time? I think it's a common-sense proposition that this second case this contempt of court case would not have been brought if this Why is that so? I mean it seems to me if they had had an ironclad search you know they had a warrant it was perfect everything was great it seems to me entirely possible they may have also asked for these contempt charges given Mr. Rabota's behavior. Your Honor, it may be possible. I don't know but why not? Certainly it's possible. I don't think it's likely and particularly because of year to bring the contempt of court cases after he was apprehended in Colorado. They didn't do that until after his motion was filed until after they were basically forced to admit that the motion was meritorious. So do you think it's vindictive? Let me give you this hypothetical. Suppose government brings some charges forget about the leaving town for a decade. The government brings charges and the initial indictment you know may be you know a RICO conspiracy or an 848 criminal enterprise or something like that and maybe there are a couple of counts of just straightforward sales of controlled substances and then the government drops the the ambitious parts of the indictment and gets a superseding indictment that just has the sales. Is that vindictive? Not without more, Your Honor. Only because maybe they've figured out they can't really prove the 848 charges, the enterprise dimension of it. It seems to me this is about the same. I don't think it is, Your Honor, because in the hypothetical you raised the government reached that conclusion on their own. They're not doing it as a direct consequence of a defendant asserting his own constitutional rights. Do we know that they're doing it here as a direct consequence? Do we know? No, but I think the circumstances suggest that it's likely and that's what the case law requires for a presumption. That presumption wouldn't be absolute. It's a rebuttable presumption if the government can present objective evidence that there was no improper. So are you equating the animus with just an objective assessment by the government that you know we're not going to be pursuing these charges against Mr. Rabota because we've discovered a flaw but there are these other charges out there that we could get a grand jury to indict. So we'll proceed against those. You equate just an assessment of whether there are charges that could be pursued against somebody with some sort of malicious, you know, vindictiveness. I think, Your Honor, if the government is deciding that it's appropriate to pursue those other charges only because the first set of charges not appropriate to pursue, then the presumption of vindictiveness is appropriate and I think that is what the case law has established both in this circuit and in the Supreme Court and other circuits as well. Now this circuit has been a little more reluctant to recognize that presumption but it hasn't ruled it out either. Although, as you said, pre-trial it's tricky. It is tricky, Your Honor, but it's not barred. In fact, this circuit had a case called Dickerson where it specifically said that if a federal court had granted a motion to suppress in a case and which resulted in the dismissal of that case and then subsequent federal charges were brought, that might be a situation where the pre-trial presumption of prosecutorial vindictiveness should apply. That's very similar to what happened here. The Sixth Circuit upheld an almost identical set of circumstances for a dismissal for prosecutorial vindictiveness in Ladue and I think it's important to note that in this case even the district court's opinion denying the motion sort of implicitly assumed that the charges would not have been brought if not for the litigation, the successful litigation, of the motion to suppress. In its decision on page 8. Right, I'm not sure. I'm having trouble finding something completely sinister in that if there's probable cause to believe that the second offense has happened. There certainly was probable cause, Your Honor, and we're not arguing that the charges were facially invalid, but the motive for bringing the charges still matters. The prosecution certainly has. So it's a bad motive if the motive is we've decided we can't prevail on indictment number one so we're going to get indictment number two while we happen to have you in custody. It's a bad motive if the answer is because you've exercised your constitutional rights that rendered indictment number one invalid, we're going to get you on something else. If they're saying we have to get you on something, we can't get you on this because of a constitutional claim and that makes us bring other charges. I think that's explicitly what the Goodwin court found to be indicative of a presumption of prosecutorial vindictiveness. Was there the same AUSA or U.S. attorney involved in both of these or was there a changeup between the two charges? There were a couple changes. The initial charges back in 2002 were brought by one AUSA after he was on the lam for approximately a week. A new AUSA was assigned to the case. That AUSA admitted error in the initial search and brought the new charges. There was subsequently after this indictment was brought on the contempt charges, another AUSA was assigned. But there was one that handled the first case and then brought the second case. So only two AUSAs or three? At least three. And so I take it the argument with regard to vindictiveness isn't personal. Not entirely. It is sort of an institutional vindictiveness but also one prosecutor did handle the first drug case for over a year before it was dropped and before that prosecutor brought the second case. How much longer would there have been for the prosecution to bring that second case? How much longer before when? The statute limitations. I believe it's five years from the time he was apprehended. So they had one year. That's correct. But it wasn't just the wait of a year. It was also the fact that they didn't choose to bring the charges until after the motion to suppress was brought to light and litigated. So was the prosecutor supposed to ignore the defendant absconding? Or was he to have simply added the charge to the old indictment? If he was planning to bring the charges he should have done so before it became indicative of possible vindictiveness because of the motion that was brought. He had plenty of time before the motion was ever filed to add the charges if it was appropriate to do so. I'll let you save a minute. Thank you, Your Honor. I appreciate that. And Mr. Rahman. Thank you, Your Honors. May it please the Court. I am Kartik Rahman and I represent the United States in this appeal. Chief Judge Wood's questions at the beginning of my adversary's presentations I believe strike at the heart of this matter. The suspicious timing alone does not meet the high burden that's needed for a presumption of prosecutorial vindictiveness. The charges in this case were a drug and gun case that were re-evaluated after the suppression motion was granted. And the government had only a limited time, as Chief Judge Wood pointed out, to address the separate harm and can bring the contempt charge. And a dismissal of the drug and the gun case would necessarily have let Mr. Rabota out of custody. So practically speaking, the last day that you could bring a charge to punish Mr. Rabota for conduct of human custody was the day that it happened. So I take it, I don't mean to be frivolous about this, but I take it that the government felt that it was more comfortable bringing this charge while Mr. Rabota was still in custody given Mr. Rabota's behavior the last time around when he left. I mean, in theory, there was another four years or so in which he could have pursued these charges. Yes, Your Honor, that would be a fair assumption. There's nothing suspicious as the district court's opinion found. By itself, without nothing more, suspicious timing is inadequate as a basis and as a matter of law for a presumption of vindictiveness. Well, the problem here is that there don't seem to be any plus factors in there. I mean, probable cause is conceded. Indeed, the fact that he absconded for nearly a decade is, as I understand it, pretty much conceded. You know, he didn't show up for his pretrial services appointment and then they find him in August 2012 in Denver. So I don't know where he was in the meantime, but not in the Northern District of Illinois. Your Honor is correct, there are no plus factors. The district court also had given three well-supported reasons to the 2012 contempt charges concerned separate and different conduct from the 2002 drug and gun charges. The contempt charges didn't just recycle or repeat the same crime in order to punish Mr. Rabota for exercising his rights. In the drug and gun case, he was charged with possession with intent to distribute in excess of five kilograms of cocaine and he was also charged with possessing two firearms in furtherance of that drug trafficking crime. The contempt case concerned something entirely different. It concerned, to put it simply, an affront to the court's orders. And the first contempt concerned Mr. Rabota's failure to restrict his travel to this district and the second contempt concerned the failure to report to pretrial services. The contempt charges are separate, independently supported charges and the filing of additional charges under those facts, based upon the separate conduct, like what happened here, does not create a presumption of vindictiveness. The contempt charges, getting back to... Are you going to go so far as to say you would never have a presumption of vindictiveness if there were probable cause for the new charges? No, I'm not going that far, Your Honor. There may certainly be an example of that. I this is not such a case. The contempt charges were holding Mr. Rabota accountable for all of his conduct and one thing I think is important to recognize, in the scenario where you have the existing gun and drug charges, had those gone to sentencing, in that scenario Mr. Rabota would have, presumably under the guidelines, been held accountable for his flight. He would have gotten a two-level enhancement. That couldn't happen if those charges were no longer available. So the government brought new independently supported charges to hold him accountable for the entirety of his conduct. The second reason that the district court had, and which Your Honor touched upon, is that the prosecutor who brought the contempt case was not the same person involved in the original drug and gun case ten years ago. And that is important because there must be objective evidence of animus under this court's precedence. There should be, for example, personal stake in the outcome of the case or he must have been attempting to seek self-indication. So Mr. Thompson was arguing some sort of institutional animus. Maybe it was the U.S. Attorney himself or the U.S. Attorney's Office here who have decided they're out to get Mr. Rabota, no matter in any way they can. And he may well have argued that, Your Honor, but that is not what happened here with respect to the record. As the district court found, there were two separate prosecutors. I'm actually the third prosecutor in the district court. This is to be contrasted with the situation in Ladeau, the Sixth Circuit case that in Ladeau, as the opinion reads, the same prosecutor, one individual, brought new charges after a motion was granted. And those were vastly different charges under the same evidence. The original charges in Ladeau were child pornography charges and just possession of the child pornography. It had a 10-year statutory maximum. However, the same prosecutor, according to opinion, after the motion was granted, then brought, using the same evidence, charges which had a statutory mandatory minimum of five years imprisonment up to a 25-year maximum statutory penalty, using the same evidence. So under those facts, the court reasoned that the presumption should apply. This is a very different case because here we're talking about contempt, which is very different conduct, as I explained before, and it involved different evidence, most importantly, a new prosecutor, somebody who came 10 years after and who cannot be said to harbor ill will or retaliate the way that the courts have spoken about before for a presumption of indictiveness. Thirdly, I would point out, and I think Your Honor had referenced this early on in Mr. Thompson's argument, that the new prosecutor actually agreed with the suppression motion, and that's important because he did not object to dismissing the gun and drug charges, and this is what the district court seized on as one of its factors. If the second prosecutor agrees, there's nothing for him to be vindictive about. Counsel, could I ask, I hate to interrupt, but as a point of clarification, was Judge St. Eve, the judge on the, was the first case assigned to her? She was the case assigned originally in 2012. In 2002? I'm sorry, 2002 as well as 2012. It starts out with Judge Guzman, I think, and then it goes quickly, that's right about when Judge St. Eve was appointed to the court. I think it got transferred to her. Yes, and I'm sorry if I misspoke. What I meant was that she was the judge at the time that the contempt charges were brought. What I was going to address, Your Honor, is that the agreement by counsel, the second prosecutor, cannot support a claim that he was retaliating or that he was expressing ill will against Robota, and the prosecutor can't be said to have animus if he agrees with the suppression motion after he re-evaluates the evidence. With respect to one more point I wish to make, Your Honor, and that is there was nothing unfair in charging Mr. Robota with the charge contempt in this case. It held him accountable, as I mentioned before, for all of his conduct. The government could not have done that if there were no drug and gun charges because, as I mentioned, if there had been drug and gun charges the two-level enhancement might have applied, but that wasn't in the picture anymore. So there was no way to hold Mr. Robota. So you're suggesting, if I'm reading a little bit into what you're saying, that perhaps one of the reasons that the government was sooner on the contempt charges was, as long as the other charges were there, this was available to enhance the sentence anyhow. Yes, Your Honor, that's correct. With respect to the last point, Your Honor, I would just leave the court with this thought that the court's jurisprudence has said that these claims are extremely difficult to prove and that the standard of proof is a demanding one. The defendant has to offer sufficient evidence to raise a that the government acted properly in bringing the charge. Mr. Robota did not meet this tough and daunting standard. So unless the court has further questions, the United States wishes to ask that the court affirm the order of the District Court that denied the motion to dismiss the indictment for prosecutorial vindictiveness. Counsel, I did have one more question. It's just a curiosity more than anything. What was the defendant appellant facing if convicted of the drug and gun charges? I wish I could remember that, Your Honor. It was a substantial sentence, but in reality, actually, contempt, he faced a life sentence of imprisonment, because that's the way contempt is dealt with. It looked at the underlying conduct, but then it also factors up with no statutory maximum except life. Thank you. Thank you. All right, thank you. Anything further, Mr. Thompson? Yes, Your Honor. I want to address one thing that I think counsel for the government may have misstated when he said that timing is inadequate as a matter of law to support a presumption of prosecutorial vindictiveness. And I think this conflates two different concepts. There's the presumption of prosecutorial vindictiveness and then there's evidence of actual vindictiveness. Timing alone is not sufficient to support actual vindictiveness without something more. But when we're talking about a presumption of prosecutorial vindictiveness, timing is sort of the issue. The presumption comes up when circumstances are such that a reasonable person would assume that it's likely or probable that vindictiveness may be present after the government takes an action adverse to a defendant following an exercise of his constitutional rights. Do you see this as a rebuttable presumption? Because otherwise you're saying that even though timing alone won't prove actual, timing alone proves a presumption of, so who would ever try to prove actual? Well, Your Honor, they come up in different circumstances. The presumption can only adhere when the circumstances are such that a reasonable person would view it as indicative of the vindictiveness without any other evidence. When you're trying to prove actual vindictiveness, it has to be something where you have access to some sort of communications or statement from the prosecutor that gives that impression. And I also want to address the point about the second prosecutor's agreement to the suppression. I don't think that's actually indicative of a lack of vindictiveness here. Just because he agreed to something that was sort of indisputable as a matter of law doesn't mean he would later not be resentful about having to do that or have an improper motive for then bringing subsequent charges. With that, Your Honor, we ask that the conviction be vacated and sent back to the district court for further proceedings or dismissal of the indictment. Thank you. Thank you. And you two were appointed, I believe? Yes, Your Honor. So we thank you for your service to the court and to your client. Thanks as well to the government. We'll take the case under advisement and the court will be in recess.